# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

JANEL SYKES,

        Plaintiff,                              CASE NO. 07-14587
                                                 HON. LAWRENCE P. ZATKOFF

v.

STATE FARM FIRE AND
CASUALTY COMPANY,

        Defendant.
_____/

## OPINION AND ORDER

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on February 27, 2008

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

## I. INTRODUCTION

This matter is before the Court on Defendant's Motion to Join Derwin Sykes as a Party Plaintiff (Dkt. #8). The Court finds that the facts and legal arguments are adequately presented in the parties' papers, and the decision process would not be significantly aided by oral argument. Therefore, pursuant to E.D. Mich. LR 7.1(e)(2), it is hereby ORDERED that the motion be resolved on the briefs submitted. For the reasons set forth below, Defendant's motion is GRANTED.

## II. BACKGROUND

This is a breach of contract action arising out of a policy of insurance issued by Defendant to Plaintiff Janel Sykes covering her home and its contents. On February 26, 2007, Plaintiff's house

was damaged in a fire. After Plaintiff made a claim for insurance benefits, Defendant conducted an investigation, including an interview with Plaintiff and her husband Derwin (Mr. Sykes), but eventually denied the claim based on allegations of arson, fraud, and false swearing. Following this denial, Plaintiff filed the present suit for breach of contract and a violation of the Michigan Unfair Trade Practices Act.

In the present motion, Defendant requests that the Court join Mr. Sykes as a plaintiff to this action pursuant to Fed. R. Civ. P. 19(a). Defendant argues that by the terms of the insurance policy in question, Mr. Sykes was, at the time of the fire, an insured with an insurable interest in the property. Therefore, Defendant contends, he could assert a claim for benefits under the policy. As such, Defendant claims that if Mr. Sykes is not made a party to this action, he could later assert a claim against Defendant after it has resolved Plaintiff's claims, thereby subjecting Defendant to multiple or inconsistent obligations. In addition, Defendant claims that Mr. Sykes acted in concert with Plaintiff regarding the arson and fraud, and testified falsely during Defendant's investigation.

### III. DISCUSSION

In determining whether to join an absent person as a party under Rule 19 of the Federal Rules of Civil Procedure, the Court must engage in a three-part analysis. *Soberay Mach. & Equip. Co. v. MRF Ltd., Inc.*, 181 F.3d 759, 764 (6th Cir. 1999). First, the Court must determine whether the person is a necessary party under Rule 19(a)(1), which provides:

> A person ... must be joined as a party if: (A) in that person's absence, the court cannot accord complete relief among existing parties; or (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may: (i) as a practical matter impair or impede the person's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

2

Fed. R. Civ. P. 19(a)(1). If the person is a necessary party, the second inquiry is whether joinder is feasible. *GMBB, Inc. v. Travelers Indem. Co.*, 100 F. Supp. 2d 465, 469 (E.D. Mich. 2000). When joinder is feasible, "the court must order the person be made a party." Fed. R. Civ. P. 19(a)(2). If not, the third inquiry is whether, considering the four factors in Rule 19(b), that person is an indispensable party necessitating the dismissal of the action in that person's absence. *GMBB, Inc.*, 100 F. Supp. 2d at 469.

The Court finds that Mr. Sykes is a necessary party to this case under Rule 19(a). First, in Mr. Sykes' absence, the Court cannot accord complete relief among existing parties. Under the policy in question Defendant is obligated to pay Plaintiff, "unless some other person is named in the policy or is legally entitled to receive payment ...." Def.'s Ex. C. Mr. Sykes is named as a purchaser of the insured property and, at the time of the fire, was married to and living with Plaintiff. Therefore, he is an insured under the policy and has an insurable interest in the subject property. *See id.* Accordingly, Plaintiff and Mr. Sykes both have interests in proceeds from the same insurance policy that are potentially inconsistent or adverse. *See GMBB, Inc.*, 100 F. Supp. 2d at 469. If Mr. Sykes is not joined to the present action, a ruling in Defendant's favor, essentially voiding the insurance policy, would still permit Mr. Sykes to make a claim for benefits arising out of the same loss. Similarly, since Defendant alleges that Mr. Sykes' actions contributed to the fire and that he provided false testimony during the investigation, which is an independent ground for cancelling the policy, Defendant would be forced to litigate the same issues twice. Thus, Defendant would not be afforded complete relief. *See Belcher v. Prudential Ins. Co. of Am.*, 158 F. Supp. 2d 777, 779 (S.D. Ohio 2001).

Second, and related to the issue of providing complete relief, without Mr. Sykes' presence

in this action, Defendant faces a real possibility of assuming multiple or inconsistent obligations. *See id.* Mr. Sykes, as an insured under the subject policy, has an interest in the subject matter of this action. If Plaintiff prevailed and received payment under the policy, Mr. Sykes could conceivably obtain an order from a different court that would require Defendant to pay benefits under the insurance policy to him. *See id.* Thus, it is possible that Defendant would be subject to multiple or even inconsistent obligations. *See id.*

Lastly, the public interest heavily favors adding Mr. Sykes to this action. Both Plaintiff and Mr. Sykes share virtually identical interests in this litigation based on the same occurrence. Moreover, Defendant's argument in support of denying Plaintiff's claim substantially implicates Mr. Sykes. Rather than litigate this case to a conclusion, only to have Mr. Sykes file another action against Defendant, involving the same claim and defenses, the public's interest in judicial economy and the finality and consistency of litigation weighs in favor of joining Mr. Sykes to this case. *See Provident Tradesmens Bank & Trust Co. v. Patterson*, 390 U.S. 102, 111 (1968) (identifying "the interest of the courts and the public in complete, consistent, and efficient settlement of controversies" as interests served by Rule 19); *see also* 7 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 1602 (3d ed. 2001).

Having found that Mr. Sykes is a necessary party to this case under Rule 19(a), the Court must determine whether joining him to this action is feasible. *See GMBB, Inc.*, 100 F. Supp. 2d at 469. Based on the record, it appears that Mr. Sykes is a Michigan resident and resides in this district. Thus he is subject to the Court's jurisdiction and venue is proper. Therefore, joinder is feasible under Rule 19. Since joinder is feasible in this case, the Court need not consider the four factors in Rule 19(b).

4

## IV. CONCLUSION

Based on the foregoing analysis, IT IS ORDERED that Defendant's Motion is GRANTED and that Derwin Sykes be made a party plaintiff to this action.

IT IS FURTHER ORDERED that Defendant shall serve Mr. Sykes with a copy of this Order no later than March 5, 2008.

IT IS FURTHER ORDERED that if Mr. Sykes refuses to join this action as a party plaintiff, that he be made a defendant. If this is the case, Plaintiff shall serve Mr. Sykes with a summons and a copy of the Complaint, along with all filings, as soon as is practicable, but no later than March 21, 2008.

IT IS FURTHER ORDERED that the Scheduling Conference set for March 4, 2008, at 10:30 a.m. is HEREBY ADJOURNED until April 8, 2008, at 10:30 a.m., so that Mr. Sykes may receive appropriate notice of this action and obtain counsel. The parties shall also file a supplemental joint case summary in accordance with the Court's previous Notice to Appear. *See* Dkt. #4.

IT IS FURTHER ORDERED that Mr. Sykes, or his attorney if he is being represented, shall appear at the Scheduling Conference before the Honorable Lawrence P. Zatkoff, United States District Court, 526 Water St., Port Huron, MI 48060, on April 8, 2008, at 10:30 a.m.

IT IS SO ORDERED.

        s/Lawrence P. Zatkoff
        LAWRENCE P. ZATKOFF
        UNITED STATES DISTRICT JUDGE

Dated: February 27, 2008

CERTIFICATE OF SERVICE

      The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on February 27, 2008.

                                         s/Marie E. Verlinde  
                                         Case Manager  
                                         (810) 984-3290